# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

Jerome Gouveia

_____

Write the full name of each plaintiff.

_____CV_____
(Include case number if one has been
assigned)

-against-

Mount Sinai Health Systems

Do you want a jury trial?
☑ Yes    ☐ No

_____

Write the full name of each defendant. The names listed
above must be identical to those contained in Section I.

## EMPLOYMENT DISCRIMINATION COMPLAINT

---

### NOTICE

The public can access electronic court files. For privacy and security reasons, papers filed with
the court should therefore *not* contain: an individual's full social security number or full birth
date; the full name of a person known to be a minor; or a complete financial account number. A
filing may include *only*: the last four digits of a social security number; the year of an individual's
birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule
of Civil Procedure 5.2.

---

Rev. 3/24/17

## I.   PARTIES

### A.   Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional pages if needed.

Jerome _____ Gouveia

First Name          Middle Initial          Last Name

259 East 49th Street

Street Address

Brooklyn          NY          11203

County, City          State          Zip Code

646-647-6266          JeromeGo1022@gmail.com

Telephone Number          Email Address (if available)

### B.   Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. (Proper defendants under employment discrimination statutes are usually employers, labor organizations, or employment agencies.) Attach additional pages if needed.

Defendant 1:   Mount Sinai Health System Inc.

Name   One Gustave L Levy Place

Address where defendant may be served

New York          NY          10029

County, City          State          Zip Code

Defendant 2:

Name

Address where defendant may be served

County, City          State          Zip Code

Defendant 3:

_____
Name

_____
Address where defendant may be served

_____
County, City                          State          Zip Code

## II.   PLACE OF EMPLOYMENT

The address at which I was employed or sought employment by the defendant(s) is:

Mount Sinai Hospital
_____
Name

One Gustave L. Levy Place
_____
Address

New York                    NY              10029
_____
County, City                          State          Zip Code

## III.   CAUSE OF ACTION

## A.  Federal Claims

This employment discrimination lawsuit is brought under (check only the options below that apply in your case):

☒ **Title VII of the Civil Rights Act of 1964**, 42 U.S.C. §§ 2000e to 2000e-17, for employment discrimination on the basis of race, color, religion, sex, or national origin

The defendant discriminated against me because of my (check only those that apply and explain):

☒ race:    Black, African American _____

☒ color:    Black _____

☐ religion:   _____

☐ sex:    _____

☐ national origin:   _____

☒ **42 U.S.C. § 1981**, for intentional employment discrimination on the basis of race

My race is: _Africon American_

☐ **Age Discrimination in Employment Act of 1967**, 29 U.S.C. §§ 621 to 634, for employment discrimination on the basis of age (40 or older)

I was born in the year: _____

☐ **Rehabilitation Act of 1973**, 29 U.S.C. §§ 701 to 796, for employment discrimination on the basis of a disability by an employer that constitutes a program or activity receiving federal financial assistance

My disability or perceived disability is: _____

☐ **Americans with Disabilities Act of 1990**, 42 U.S.C. §§ 12101 to 12213, for employment discrimination on the basis of a disability

My disability or perceived disability is: _____

☐ **Family and Medical Leave Act of 1993**, 29 U.S.C. §§ 2601 to 2654, for employment discrimination on the basis of leave for qualified medical or family reasons

## B. Other Claims

In addition to my federal claims listed above, I assert claims under:

☒ **New York State Human Rights Law**, N.Y. Exec. Law §§ 290 to 297, for employment discrimination on the basis of age, race, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic characteristics, marital status

☒ **New York City Human Rights Law**, N.Y. City Admin. Code §§ 8-101 to 131, for employment discrimination on the basis of actual or perceived age, race, creed, color, national origin, gender, disability, marital status, partnership status, sexual orientation, alienage, citizenship status

☒ Other (may include other relevant federal, state, city, or county law):

_Retaliation_

## IV.   STATEMENT OF CLAIM

### A.  Adverse Employment Action

The defendant or defendants in this case took the following adverse employment actions against me (check only those that apply):

- ☐  did not hire me
- ☒  terminated my employment
- ☐  did not promote me
- ☐  did not accommodate my disability
- ☐  provided me with terms and conditions of employment different from those of similar employees
- ☐  retaliated against me
- ☒  harassed me or created a hostile work environment
- ☐  other (specify): _____

_____

### B.  Facts

State here the facts that support your claim. Attach additional pages if needed. You should explain what actions defendants took (or failed to take) *because of* your protected characteristic, such as your race, disability, age, or religion. Include times and locations, if possible. State whether defendants are continuing to commit these acts against you.

Attached as Exhibit A
_____
_____
_____
_____
_____

As additional support for your claim, you may attach any charge of discrimination that you filed with the U.S. Equal Employment Opportunity Commission, the New York State Division of Human Rights, the New York City Commission on Human Rights, or any other government agency.

### Factual Allegations

1. I was hired by Defendant in February 2014, as Respiratory Therapist RRT-NPS with a specialty in Pediatrics. I was hired to assist patients on life support under doctor supervision. I was also required to participate in the transportation of patients within the healthcare facility.

2. My hours of work/employment were customarily from 7:30am to 8:00pm.

3. On or about June 7, 2019 at 7:30am, I reported to work with his packed breakfast and lunch. As custom practice I placed my packed meals in the refrigerator in the staff lounge.

4. I proceeded to commence my day by assisting on a transport of a patient.

5. I returned to the staff lounge on or about 11:30am. I opened the refrigerator and noticed that his breakfast and lunch was not there. At the time there were 4 people in the lounge. The four individuals in the room were Nurse Sara Blanchard a Caucasian Nurse, Theodore Seipodos Caucasian Respiratory therapist, Nurse Lynn Muznic White Caucasian Nurse "Nurse Lynn", and myself.

6. Upon questioning the individuals in the room of the location of his food, I learned that Nurse Lynn had decided to dispose of his packed meals.

7. Further questioning Nurse Lynn, she told me that "If you don't like it, you don't have to be here."

8. Upon information and belief, all the other white employee's food were left untouched but only my meals were thrown out by Nurse Lynn.

9. Upon information and belief, Nurse Lynn has a history of acts and racist statements made to black employees being in the staff lounge. Previously, she chastised black employee when they enter the staff lounge stating that they did not belong there, she had no issues with the white employees entering the staff lounge, even the white respiratory therapist entering the white lounge.

10. Upon information and belief, there has been several complaints filed about her racist comments.

11. Nevertheless, on the same day June 7, 2019, I was called shortly afterward for another transport. I was forced to spend the day hungry until he was able to purchase food at 5 pm.

12. I then proceeded to report Nurse Lynn's action to her supervisor Defendant Juliana Guiney, Nurse Manger.

13. Upon information and belief, Nurse Lynn on the company phone sent a text to a coworker Nurse Sarah Blanchard asking to corroborate her story that she was just "cleaning the refrigerator' and that her action was not racial motivated. Nurse Lynn texted her co-worker that "Sara, you better back me. You are usually cleaning the fridge with me."  Nurse Lynn wanted her coworker to cover her lie.

14. Although the text was readily available. Defendant Nurse Guriney did not investigate and decided to place me on a suspension for three days citing "pending investigation."

15. Further the Defendant Nurse Guriney cited the charge that I was "vile intemperate and was insubordinate."

16. No grievance procedure was commenced prior to suspension or request for my statement. Defendant Nurse Guriney just made a statement and suspended me. It should be noted that Defendant Nurse Guiney was not present at the incident but made a statement.

17. On or about June 11, 2019, frustrated with the way the situation was handled wrote an email to Defendant Gary Oldenburg, the Director of Respiratory Care complaining about the disparate treatment in the facility based on race I complained that I was being unfairly treated because he as a black man complained against a white nurse when she threw out my food to push me out the communal space. I also notified Defendant Oldenburg that there is a "poor race relation" within the hospital.

18. Without a reasoning, my suspension was unilaterally converted to a "first warning." I refused to sign the first warning letter.

19. Upon information and belief Defendants collaboratively retaliate against an employee when an employee raises any issues based on race in Defendant Mount Sinai Health Care System.

20. Upon information and belief because I raised issues with the treatment of black people in the hospital, Defendant Oldenburg Defendant Nurse Guriney and Defendant Anatoly Veksler, Assistant Director of Respiratory collaborated to eventually terminate me.

21. In November 2019, I was outside a patient room completing notes for a patient's chart. I then respond to a nurse's call for respiratory therapy. I showed up and immediately proceeded to action and asked the nurse questions to assess the situation.

22. The nurse refused to respond to my questions. Upon information and belief during the nurse's movements with the patient, the trach must have moved out of the patient.

23. The patient's mother was a witness to the interaction. Later the nurse admits that during the movement the trach was moved.

24. Thereafter the incident, I wrote a note to ensure the information was documented.

25. Nevertheless, although the nurse and I have notes on the incident, Defendant Nurse Guiney sent an email to Defendant Oldenburg and Defendant Veksler stating that I was contributing to "unsafe environment and requesting Plaintiff not to be assigned to certain department".

26. Learning of Defendant Nurse Guinea's complaint, I questioned management's reasoning for attempting to find him at fault.  I had a conversation with Amy Chang, a fellow respiratory therapist and other therapist about any known policy that I should be aware of. There was none.

27. In November 2019, I raised the issue with Dr. George Ofari, Director of Pediatrics that the hospital does not have a policy for Respiratory Department to deal with tracheostomy tube.

28. I wanted to notify the facility of its missing policy. However, this was considered whistleblowing and I was reprimanded by Defendant Veksler.

29. On or about November 26, 2019, Defendant Veksler sent an email to Defendant Oldenburg stating that I was "threatening, insult and degrade" his co-worker Amy Chang.

30. Upon information and belief, Amy Chang even wrote a letter stating that I never threatened her. Nevertheless, I was again suspended for three days.

31. Upon my return to work on December 3, 2019, in the morning Defendant Oldenburg issued me a "final warning." In the morning.

32. The same day of the final warning, that evening I was called in the office by Defendant Oldenburg informing Plaintiff that Defendant Nurse Guriney just informed

me that there was an allegation from a patient's family member that I was rude and called him a "crackhead".

33. Defendant Nurse Guriney and two nurses wrote a statement that they were allegedly approached by a patient's family member told her that "a big man in blue scrubs with a beard sitting at the front desk called him a crackhead."

34.  Defendant Guiney did not witness the interaction and actually stated that she did not witness if the allegation was even referring to me.

35. I asked for the complete video of the interaction, if any between me and any of the alleged complaint. I vehemently denied that this event occurred.

36. Defendant refused to provide the full and complete video, although the interaction of the alleged complainant with employees was recorded for that day and time.

37. Further no written statement was ever been made from the alleged patient's family member.

38. Ever since I wrote the letter about the discriminatory practices based on race at Mount Sinai, I was persecuted by management and eventually terminated.

EEOC Form 161 (11/2020)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| To:  Jerome Gouveia | From:  New York District Office |
|---|---|
| 289 East 46th Street | 33 Whitehall Street |
| Brooklyn, NY 11203 | 5th Floor |
| | New York, NY 10004 |

| ☐ | On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a)) |
|---|---|

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **520-2020-05575** | **Perry Canales,** **Investigator** | **(929) 506-5318** |

## THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐  The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐  Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐  The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐  Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒  The EEOC issues the following determination: The EEOC will not proceed further with its investigation, and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

☐  The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐  Other (briefly state)

## - NOTICE OF SUIT RIGHTS -

(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

| | For | 7/22/2021 |
|---|---|---|
| Enclosures(s) | **Judy A. Keenan,** **District Director** | (Date Issued) |

cc:  rebecca Berkebile
HR

,

## V.    ADMINISTRATIVE PROCEDURES

For most claims under the federal employment discrimination statutes, before filing a lawsuit, you must first file a charge with the U.S. Equal Employment Opportunity Commission (EEOC) and receive a Notice of Right to Sue.

Did you file a charge of discrimination against the defendant(s) with the EEOC or any other government agency?

    ☑ Yes (Please attach a copy of the charge to this complaint.)

        When did you file your charge?    _9/29/2020_

    ☐ No

Have you received a Notice of Right to Sue from the EEOC?

    ☑ Yes (Please attach a copy of the Notice of Right to Sue.)

        What is the date on the Notice?    _7/22/2021_

        When did you receive the Notice?    _7/25/2021_

    ☐ No

## VI.    RELIEF

The relief I want the court to order is (check only those that apply):

    ☐ direct the defendant to hire me

    ☐ direct the defendant to re-employ me

    ☐ direct the defendant to promote me

    ☐ direct the defendant to reasonably accommodate my religion

    ☐ direct the defendant to reasonably accommodate my disability

    ☑ direct the defendant to (specify) (if you believe you are entitled to money damages, explain that here)

    _Declaring the Defendant Violated  Title VII of Civil Right Act of 1967_
    _willfully_
    _Awarding damages for unlaw retaliation_
    _Declaring the Defendant willfully violated New York State anti_
    _discriminating law._

## VII.   PLAINTIFF'S CERTIFICATION

By signing below, I certify to the best of my knowledge, information, and belief that:
(1) the complaint is not being presented for an improper purpose (such as to harass,
cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are
supported by existing law or by a nonfrivolous argument to change existing law; (3) the
factual contentions have evidentiary support or, if specifically so identified, will likely
have evidentiary support after a reasonable opportunity for further investigation or
discovery; and (4) the complaint otherwise complies with the requirements of Federal
Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I
understand that my failure to keep a current address on file with the Clerk's Office may
result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to
proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| 10/20/2021 | /s/ Jerome Gouvei~ |
| Dated | Plaintiff's Signature |
| Jerome | Gouveia |
| First Name        Middle Initial | Last Name |
| 289 East 49th Street | |
| Street Address | |

| | | |
|---|---|---|
| Brooklyn | NY | 11203 |
| County, City | State | Zip Code |
| (646) 647-6266 | JeromeGo1022@gmail.com | |
| Telephone Number | Email Address (if available) | |

I have read the attached Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☑ Yes   ☐ No

    If you do consent to receive documents electronically, submit the completed form with your
    complaint. If you do not consent, please do not attach the form.

# CONSENT TO ELECTRONIC SERVICE

I hereby consent to receive electronic service of notices and documents in my case(s) listed below. I affirm that:

1.  I have regular access to my e-mail account and to the internet and will check regularly for Notices of Electronic Filing;

2.  I have established a PACER account;

3.  I understand that electronic service is service under Rule 5 of the Federal Rules of Civil Procedure and Rule 5.2 of the Local Civil Rules, and that I will no longer receive paper copies of case filings, including motions, decisions, orders, and other documents;

4.  I will promptly notify the Court if there is any change in my personal data, such as name, address, or e-mail address, or if I wish to cancel this consent to electronic service;

5.  I understand that I must regularly review the docket sheet of my case so that I do not miss a filing; and

6.  I understand that this consent applies only to the cases listed below and that if I file additional cases in which I would like to receive electronic service of notices of documents, I must file consent forms for those cases.

**Civil case(s) filed in the Southern District of New York:**

**Note:** This consent will apply to all cases that you have filed in this court, so please list all of your pending and terminated cases. For each case, include the case name and docket number (for example, John Doe v. New City, 10-CV-01234).

_N/A_

---

Gouveia , Jerome
Name (Last, First, MI)

289 East 49th Street        Brookly NY        11203
Address        City        State        Zip Code

(646-647-6266        Jerome Go 1022 @gmail.com
Telephone Number        E-mail Address

10/20/21        /s/ Jerome Gouveia
Date        Signature

**Return completed form to:**

Pro Se Intake Unit (Room 200)
500 Pearl Street
New York, NY 10007